UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. MJ 10-491 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | DETENTION ORDER |
| ANDRES RENE RODRIGUEZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Offense charged:    Distribution of Oxycodone; Felon in Possession of a Firearm

Date of Detention Hearing:    December 3, 2010

The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of defendant as required and the safety of other persons and the community.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.    Defendant has been charged with a drug offense the maximum penalty of which is in excess of ten years.  There is therefore a rebuttable presumption against defendant as to both

dangerousness and flight risk, under 18 U.S.C. §3142(e).

2. Defendant has a lengthy criminal record with multiple failures to appear. His record includes assault charges, VUCSA, Burglary, and firearms charges. Pretrial Services reports that defendant is associated with two dates of birth and at least eight name variations.

3. The government contends that defendant is an active gang member, and proffers photographs from defendant's social network page that remained posted as of November 21, 2010. The AUSA proffers that defendant was wearing indicia of gang involvement when arrested. Defendant admits that he was a gang member in the past, but is no longer. The AUSA also proffers that defendant is a suspect in an active homicide investigation by the Seattle Police Department in which the victim was allegedly shot with the same type of firearm as found in defendant's room after execution of a search warrant.

4. The government also argues that defendant poses a particular danger to the informant in this case, contending that the informant's identity is known to the defendant. A t-shirt was found in defendant's room with a "Stop Snitching" logo depicting images of bullet holes and bloodstains. Defendant is seen wearing the t-shirt in one of the photos from his social network page.

5. Defendant, age 25, is unemployed and has only been marginally employed at best. He reports not having a stable residence in approximately three years. His mother advises that he may live with her, but her fiancé, with whom she lives, refused to allow a criminal records check. Although defendant reports having no income, he has been seen driving a Jaguar.

6. Taken as a whole, the record does not effectively rebut the presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant

as required and the safety of the community.

It is therefore ORDERED:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 3rd day of December, 2010.

_____
Mary Alice Theiler
United States Magistrate Judge